### R. H. KELLY *v.* N. J. KELLY.

**Marriage—Annulment.**

A suit to annul a marriage obtained by force or fraud cannot be sustained by only the admission of the defendant.

#### APPEAL FROM TODD CIRCUIT COURT.

December 18, 1874.

OPINION BY JUDGE COFER:

While a suit to annul a marriage obtained by force or fraud is not a suit for a divorce, and does not therefore fall within the letter of Sec. 3, Art. 3, Chap. 52, of the General Statutes, which enacts that "no petition for a divorce shall be taken for confessed, or be sustained by the admissions of the defendant alone, but must be supported by other proof," yet such suit does fall within the obvious scope and intention of the statute, and should for the most weighty reasons be held to be embraced by it. The manifest purpose of the statute was to prevent parties dissatisfied with their marriage relations, from obtaining judgment of separation by collusion. If by changing the form of the action, and alleging fraud or force in obtaining the marriage, the plaintiff would be entitled to a judgment annulling the marriage relation, unless the allegations of the petition are denied, the road would be open to that influx of divorce suits which in some states has been found so prejudicial to good morals, social order, and the peace and happiness of families. It has long been the settled policy of both the legislature and judicial departments of the government of this state, to discourage proceedings for dissolving the marriage relation, and to grant divorces, and annul marriages only when it appeared by evidence brought before the court, that there were sufficient reasons for so doing.

The appellant not only alleges the marriage of himself and the appellee, but he files, as a part of his petition, certified copies of the license for and certificate of his marriage, and although the facts alleged, if proved, would have entitled him to a judgment declaring the marriage void, yet, as they were not proved, the chancellor properly refused to take the petition pro confesso, and the judgment dismissing it is *affirmed.*

*S. W. Kennedy, for appellant.*
*H. T. Willoughby, for appellee.*